Esperanza **RODRIGUEZ**, Appellant,

v.

G.A. **REEVES** and Medical Associates of Corpus Christi and Humana, Inc., d/b/a the Doctors Hospital, Appellees.

No. 13–86–257–CV.

Court of Appeals of Texas, Corpus Christi.

March 12, 1987.

Rehearing Denied May 14, 1987.

John Gano, Gano & Donovan, Houston, for appellant.

M.W. Meredith, Jr., Kevin B. Finkel, Meredith, Donnell & Abernethy, Paul J. Raleigh, Kathryn Snapka, Law Offices of Guy Allison, Corpus Christi, for appellees.

Before NYE, C.J., and BENAVIDES and KENNEDY, JJ.

## OPINION

KENNEDY, Justice.

This is a medical malpractice action from which appellant sought damages due to the death of her husband, Salvador Rodriguez. Appellant sought to prove that her husband's death was proximately caused by appellees' negligence. After appellant presented her evidence at trial, appellees were granted directed verdicts, resulting in this appeal.

The facts are as follows. On Friday evening, September 21, 1979, appellant's husband, Salvador Rodriguez, was complaining of a sore throat. The next morning his sore throat worsened. Mrs. Rodriguez drove her husband to Doctor's Hospital, where he was examined by Dr. G.A. Reeves at approximately 12:30 p.m. Dr. Reeves ordered an injection of penicillin and gave Mr. Rodriguez two prescriptions for medication. Dr. Reeves instructed Mr. Rodriguez that if he experienced increased breathing difficulty, to return to the emergency room immediately.

Shortly after the Rodriguezes returned home, Mr. Rodriguez experienced extreme difficulty breathing. Appellant and her twenty-four-year-old daughter, Rachel, rushed Mr. Rodriguez back to the hospital. En route, Mr. Rodriguez slumped over against Mrs. Rodriguez and stopped breathing. Upon arrival at the hospital parking lot, hospital personnel began resuscitation efforts immediately. The patient was then taken inside the hospital where Dr. Reeves and Dr. Jacqueline Cohn attempted to insert an endotracheal tube down the patient's airway. However, due to increased swelling of the patient's throat area, they were unsuccessful in getting the tube past the obstruction. Another physi-

cian, Dr. Edward Dosher, was then called to perform a tracheotomy at approximately 4:00 p.m. At approximately 4:45 a.m. Sunday morning, September 23, 1979, Mr. Rodriguez died.

By two points of error, appellant asserts trial court error in granting directed verdicts for appellees because sufficient evidence was offered at trial to establish appellees' standard of care or duty, the breach thereof, causation and damages.

The medical standard of care is the threshold question in a medical malpractice case and that must be established so that the fact finder can determine whether the physician's (or hospital's) act or omission deviated from the standard of care to the degree that it constituted negligence or malpractice. *Coan v. Winters*, 646 S.W.2d 655, 657 (Tex.App.—Fort Worth 1983, writ ref'd n.r.e.).

Appellant had the burden to establish from expert testimony: (1) the standard of care in the community and (2) the facts which show that the physician (and hospital) deviated from that standard. *Bauer v. King*, 700 S.W.2d 650, 651 (Tex.App.—Corpus Christi 1985, no writ); *Hersh v. Hendley*, 626 S.W.2d 151, 155 & 158 (Tex.App.—Fort Worth 1981, no writ). It necessarily follows that she must also show that the decedent's death was proximately caused by such deviation. The fact finder would then decide whether the deviation was of such degree that it constituted negligence or malpractice. *Smith v. Guthrie*, 557 S.W.2d 163 (Tex.Civ.App.—Fort Worth 1977, writ ref'd n.r.e.).

An instructed verdict is proper when the evidence fails to raise an issue of fact as to one or more fact propositions which must be established for the opponent to be entitled to judgment. *Ottis v. Haas*, 569 S.W.2d 508, 512 (Tex.Civ.App.—Corpus Christi 1978, writ ref'd n.r.e.). To avoid an instructed verdict against her, appellant was required to introduce evidence on the specific elements of her medical malpractice cause of action so as to raise a fact issue on those elements.

A thorough search of the record reveals no evidence which establishes the standard of care in the community for treating the decedent's condition. Several physicians testified at trial, but no testimony was elicited which established the medical standard of care in the community. Dr. Jacqueline Cohn, who assisted Dr. Reeves, testified only that Dr. Reeves acted in accordance with "good medical practices." Roy Hagens, the executive director of the hospital, testified that at the time of decedent's death, there was no indication that anything was done improperly regarding the patient's care. This testimony does not satisfy the threshold question of what standard is used by which to measure the physician's and hospital's acts or omissions. Therefore, there is no evidence to show that the conduct of the physician or hospital staff violated or breached the standard of care in the community.

Appellant did not sufficiently sustain her burden of proof. The directed verdicts for each appellee were properly granted. We overrule appellant's two points of error and AFFIRM the trial court's judgment.

BENAVIDES, J., not participating.