Charlie R. CONNOR, Appellant,

v.

T. William WALTRIP, M.D., Appellee.

No. 05–89–00954–CV.

Court of Appeals of Texas,
Dallas.

April 10, 1990.

**538**

Hal K. Gillespie, David K. Watsky, Dallas, for appellant.

Max E. Freeman, II, James Harrison, Dallas, for appellee.

Before McCLUNG, KINKEADE and OVARD, JJ.

## OPINION

OVARD, Justice.

In this medical malpractice case, Charlie R. Connor appeals from a summary judgment granted in favor of T. William Waltrip, M.D. In a single point of error, Connor alleges that the trial court erred in granting summary judgment because Dr. Waltrip failed to conclusively establish the absence of material fact issues. Because we hold that Dr. Waltrip did conclusively establish the absence of a material fact issue regarding negligence, we affirm.

On August 1 and August 28, 1986, Dr. Waltrip performed a psychiatric fitness for duty examination on Connor, a U.S. postal employee. According to Dr. Waltrip's affidavit, each examination lasted forty-five minutes. During these examinations, Connor told Dr. Waltrip stories of conspiracy, harassment, and persecution against him by high postal authorities. Connor failed to answer questions propounded by Dr. Waltrip, and demonstrated frequent digressions and tangential thinking. Based on his examinations, Dr. Waltrip diagnosed Connor as having a personality disorder and reactive depression. His diagnosis, dated August 27, 1986, was sent to the U.S. Postal Service, and he recommended that Connor be provided disability retirement. Connor was then terminated from the postal service. He brought suit against Dr. Waltrip on September 2, 1988.

In his petition, Connor asserted that Dr. Waltrip was negligent in the manner in which he conducted the psychiatric evaluation and in reaching his diagnosis, as well as in submitting the evaluation to the postal service. Dr. Waltrip moved for summary judgment based on his own affidavit.

He swore that, based on his personal knowledge, his actions in evaluating and diagnosing Connor, as well as in sending the letter recommending disability retirement, complied with the standard of care practiced by psychiatrists in Dallas County *at that time*. A summary judgment may be based on the uncontroverted testimonial evidence of an interested expert witness as to the subject matter concerning which the trier of fact must be guided solely by the opinion testimony of experts if the evidence is clear, positive, and direct, otherwise credible and free from contradictions and inconsistencies, and could have been readily controverted. *Shook v. Herman*, 759 S.W.2d 743, 746 (Tex.App.—Dallas 1988, writ denied); *Duncan v. Horning*, 587 S.W.2d 471, 473 (Tex.Civ.App.—Dallas 1979, no writ); TEX.R.CIV.P. 166a(c).

Initially, Connor complains that Dr. Waltrip's affidavit cannot be used as competent summary judgment evidence because it failed to allege that the facts contained therein were true. *Brownlee v. Brownlee*, 665 S.W.2d 111, 112 (Tex.1984). Dr. Waltrip set out in his affidavit that "[A]ll of the matters contained in this affidavit are based on my personal knowledge." It then sets out facts to establish the absence of negligence. Where the affidavit does not specifically recite that the facts set forth are true, but does set out that it was made on affiant's personal knowledge, it satisfies the requirements of *Brownlee* and rule 166a of the Texas Rules of Civil Procedure. *Woods v. Applemack Enters., Inc.*, 729 S.W.2d 328, 330 (Tex. App.—Houston [14th Dist.] 1987, no writ).

In a summary judgment case, the question on appeal, as well as in the trial court, is whether the summary judgment proof establishes that, as a matter of law, there is no genuine issue of fact as to one or more of the essential elements of the plaintiff's cause of action. *See, e.g., McFadden v. American United Life Ins. Co.*, 658 S.W.2d 147, 148 (Tex.1983); *Gibbs v. General Motors Corp.*, 450 S.W.2d 827, 828 (Tex.1970); *Aldridge v. Young*, 689 S.W.2d 342, 344 (Tex.App.—Fort Worth 1985, no writ); *see also* TEX.R.CIV.P.

166a(c). The burden of proof is on the movant, and all doubts as to the existence of a genuine issue of material fact are resolved against him. All conflicts in the evidence are disregarded and the evidence which tends to support the position of the party opposing the motion is accepted as true. *See, e.g., Continental Casing Corp. v. Samedan Oil Corp.*, 751 S.W.2d 499, 501 (Tex.1988); *University of Tex. Health Science Ctr. at Houston v. Big Train Carpet of El Campo, Inc.*, 739 S.W.2d 792, 792 (Tex.1987); *MMP, Ltd. v. Jones*, 710 S.W.2d 59, 60 (Tex.1986).

The threshold question in a medical malpractice case is the medical standard of care. That standard must be established so that the fact finder can determine whether the doctor's act or omission deviated from the standard of care to the degree that it constituted negligence or malpractice. *Rodriguez v. Reeves*, 730 S.W.2d 19, 21 (Tex.App.—Corpus Christi 1987, writ ref'd n.r.e.); *Coan v. Winters*, 646 S.W.2d 655, 657 (Tex.App.—Fort Worth 1983, writ ref'd n.r.e.). The standard of care by which physicians' acts or omissions are measured is that degree of care which a physician of ordinary prudence and skill, practicing in the same or a similar community, would have exercised in the same or similar circumstances. *See, e.g., Speer v. United States*, 512 F.Supp. 670, 675 (N.D. Tex.1981) (applying Texas law), *aff'd*, 675 F.2d 100 (5th Cir.1982); *James v. Brown*, 637 S.W.2d 914, 918 (Tex.1982); *Guidry v. Phillips*, 580 S.W.2d 883, 885–86 (Tex.Civ. App.—Houston [14th Dist.] 1979, writ ref'd n.r.e.).

Dr. Waltrip, in his affidavit, set out his professional qualifications as a doctor of psychiatry, described the evaluation procedure used, and stated that he proceeded in accordance with the standard of care prevalent in Dallas County at the time of the evaluation, and that nothing he did or did not do caused any injury to Connor. The affidavit provides evidence that is clear, positive, direct, and otherwise credible and free from contradictions and inconsistencies. *Shook*, 759 S.W.2d at 746; *Duncan*, 587 S.W.2d at 473. This evidence

established the lack of a genuine fact issue concerning Connor's claim of negligence regarding the psychiatric evaluation, diagnosis, and the letter recommending disability retirement. *Gibbs,* 450 S.W.2d at 828; *Aldridge,* 689 S.W.2d at 344. Since we have determined that Dr. Waltrip's affidavit established his right to summary judgment on this ground, we must determine whether Connor rebutted this ground by presenting controverting summary judgment proof which raised a fact issue. For reasons stated below, we are persuaded that he did not.

Connor's controverting evidence consists of Dr. Judy Cook's medical records and Dr. Bob G. Barshop's affidavit. Each doctor examined and evaluated Connor. We begin by observing that Dr. Cook's record indicated that in January, 1987, Connor looked much less paranoid and showed continued signs of improvement. Her records make no mention of her medical qualifications, the medical standards she applied, or to acts or omissions that may be construed as negligence on the part of Dr. Waltrip. We determine that her records raised no fact issue as to negligence.

In his sworn affidavit of May 1, 1989, Dr. Barshop stated his qualifications as a doctor of psychiatry, that he was fully aware of medical standards of care *at this time,* and that he complied with these standards when he examined and diagnosed Connor on April 19, 1989. On this occasion, he stated that his "impression" of Connor was that he suffered from a chronic dysthymic disorder, or depression, and that he had a rather perfectionist personality and exhibited signs of long term stress. He further stated, based upon his single visit with Connor, which was over three years after Dr. Waltrip's initial visit, that he was unable to detect any evidence of a personality disorder or paranoid thinking, as described by Dr. Waltrip. Dr. Barshop stated that such a diagnosis should only be made after the long observation of a patient. Dr. Barshop did not set forth the medical standards at the time, in 1986, when Dr. Waltrip examined and diagnosed Connor. Nor does he set forth any negligence or impropriety by Dr. Waltrip in 1986. His affidavit established that Dr. Barshop, himself, followed properly recognized medical standards in his evaluation of Connor in 1989. He made no statement that could be construed to show that Dr. Waltrip was negligent regarding any medical standards used some three years earlier in 1986. *See Guidry,* 580 S.W.2d at 885, 887–88. His affidavit simply does not controvert Dr. Waltrip's affidavit regarding the threshold issue of the medical standard of care.

Connor cites *James* for the proposition that a fact question was raised regarding negligence. *James,* 637 S.W.2d at 918. In that case, it was held that a question of material fact existed with respect to whether the defendant psychiatrists acted negligently in their diagnosis of Mrs. James. Specifically, the Court noted that affidavits of other psychiatrists presented evidence that Mrs. James was not mentally ill and that the defendant psychiatrists could not have properly reached their diagnoses during their brief periods of observation. In our case, Dr. Barshop does not state that Connor is not mentally ill. In fact, he confirms Dr. Waltrip's diagnosis of depression, but disagrees with Dr. Waltrip's diagnosis regarding Connor's personality. It is important to note that Dr. Barshop's "impression" was formulated over three years after Dr. Waltrip's diagnosis. Moreover, in Dr. Cook's letter, dated September 9, 1987, only a little more than a year after Dr. Waltrip's diagnosis, she states that Connor "looked much less paranoid." We further distinguish *James* because, in that case, the propriety of the diagnosis did not involve whether the medical standards were applied at the time of the diagnosis. Additionally, the language relied upon by Connor involves the Court's interpretation of a statute not in issue in the present case. *See id.* at 918; *see also* TEX.REV.CIV. STAT.ANN. art. 5547–18 (Vernon 1958). Further, the affidavits of the other psychiatrists in *James* alleged that the defendant psychiatrists' diagnoses could not have been arrived at *properly,* based upon their brief visits with Mrs. James. In our case, Dr. Barshop did not state that Dr. Waltrip's diagnosis was *improper,* but that

such a diagnosis should only be made after a long observation of the patient.

We hold that Connor failed to present any competent controverting evidence sufficient to raise any fact issue, or to rebut the summary judgment proof submitted by Dr. Waltrip on the issue of negligence. Because of our determination, we do not find it necessary to address the proximate cause issue. Connor's sole point of error is overruled.

The trial court's judgment is affirmed.

Concurring opinion by McCLUNG, J.

McCLUNG, Justice, concurring.

While I agree with the majority that the judgment of the trial court should be affirmed, I feel additional comment is indicated.

In his affidavit Dr. Waltrip named his qualifications, and stated that he saw Connor on two occasions, evaluated him, and made a diagnosis and a recommendation. He stated that he was aware of the standard at the time he saw Connor and that the standard was to proceed in the manner in which he proceeded. He stated that he complied with the standard and caused no injury.

In a similar case, this Court last year considered, and rejected as insufficient, an affidavit offered as summary judgment proof in *Johnson v. Susat,* 773 S.W.2d 601 (Tex.App.—Dallas 1989, writ denied). In that affidavit defendant's expert witness stated that what Susat did was a usual method, one of the treatments that can be done, and an acceptable procedure. Regarding the standard of care, the affiant merely stated that Susat's actions were not necessarily above or below the standard.

The instant case is distinguishable from *Susat.* The affidavit in *Susat* contained comments about what Susat did but did not explain or describe what he did. It contained a reference to a standard of care but did not lay out the standard. Here, Dr. Waltrip, in his affidavit, described his actions and stated that the standard was to proceed in that manner. The better practice is to set out the standard and then describe the actions taken to show compliance with the standard. While Dr. Waltrip's affidavit could have been more artfully worded and explanatory, we hold it is nonetheless, adequate.

We have a developing line of cases involving similar affidavits, many of which were held to be sufficient to support a motion for summary judgment. In *Shook v. Herman,* 759 S.W.2d 743 (Tex.App.—Dallas 1988, writ denied), this Court upheld a summary judgment granted in favor of Dr. Herman. In his affidavit Dr. Herman described the medical services performed, stated that he acted in accordance with the standard of care and denied any negligence. *See also Tilotta v. Goodall,* 752 S.W.2d 160 (Tex.App.—Houston [1st Dist.] 1988, writ denied) (affidavit wherein Dr. Goodall stated that surgery was standard medical practice in cases like *Tilotta's;* that he was familiar with the standard of care and in compliance with it; that he caused no injury to plaintiff and was not negligent, held to be sufficient summary judgment evidence) and *Kemp v. Heffelman,* 713 S.W.2d 751 (Tex.App.—Houston [1st Dist.] 1986, no writ) (affidavit wherein Dr. Heffelman stated he was familiar with the standard of care and acted in accordance with it, and that his actions were the same as those of any reasonably prudent doctor, held to be sufficient summary judgment evidence).

While I do agree with the majority, I am compelled to comment that Dr. Waltrip's affidavit provides only marginally sufficient summary judgment proof. As explained by the majority, the medical standard of care must be established so that the fact finder can determine whether the physician's act or omission deviated from the standard to the degree that it constituted negligence or malpractice. *Rodriguez v. Reeves,* 730 S.W.2d 19, 21 (Tex.App.—Corpus Christi 1987, writ ref'd n.r.e.). Mere conclusory statements are not sufficient. *See Snow v. Bond,* 438 S.W.2d 549, 551 (Tex.1969).

Affiants who do not thoroughly set out the standard of care applicable to the procedure involved, at the time of the com-

plained of incident, and fail to thoroughly explain what they did and how they met or exceeded the standard, will not present sufficient summary judgment evidence.

I concur.