Maxine S. DOMINGOS, on her own behalf and as Administratrix of the Estate of Frank S. Domingos, Plaintiff,

v.

UNITED STATES of America, Defendant.

No. 91–43–CIV–3–H.

United States District Court, E.D. North Carolina, Fayetteville Division.

Nov. 1, 1993.

Clifford L. Lee, II, Barton & Lee, Fayetteville, NC, for plaintiff.

R.A. Renfer, Jr., Asst. U.S. Atty., Office of U.S. Atty., Raleigh, NC, Patricia J. Reedy, U.S. Dept. of Justice, Torts Branch, Civ. Div., Washington, DC, for defendant.

## ORDER

MALCOLM J. HOWARD, District Judge.

This matter is before the court on a Memorandum and Recommendation ("M & R") filed by United States Magistrate Judge Wallace W. Dixon on September 8, 1993. Plaintiff filed objections to the M & R, and the defendant responded to the plaintiff's objections. The matter is ripe for disposition.

### STATEMENT OF THE CASE

Plaintiff filed this medical malpractice action under the Federal Tort Claims Act ("FTCA") on May 2, 1991. Discovery has been completed, and a final Pretrial Conference was held before Magistrate Judge Dixon on September 2, 1993. The case is scheduled to go to trial on the court's November 15, 1993 calendar in Fayetteville, North Carolina.

The M & R recommends in brief that the plaintiff's case should be dismissed as a sanction for the failure of plaintiff's attor-

ney[, Leon Lee], to attend to his duties to defendant's counsel and to the court in preparation for the [pretrial] conference and the trial to follow.

9/8/93 M & R at 1. The grounds for the recommendation are summarized at pages 9–10:

> In summary, without basis, Lee denied or objected to over two-thirds of [the defendant's] requests for admissions; he has failed to supplement those denials or objections when they were shown to be without basis; he has failed to press before the court until now the question of which law applies; he has failed to participate in preparation for the final pre-trial conference, leaving the bulk of that chore to opposing counsel; he has failed to get medical records to his expert Hines for deposition preparation; when told that the deposition should be rescheduled, he refused to do so; at attorney conferences, and at the September 2 conference with the court, he was adamant that the negligent diagnosis claim is alleged, when it is not; and, he failed to timely name medical experts, and when he did name them, his Rule 26 expert summary was incorrect.

The Magistrate Judge also based his recommendation 1) on counsel for the plaintiff's general dilatory and delaying conduct in this case and other cases, *id.* at 9–12, and 2) on the prejudice suffered by the defendant as a result of counsel's conduct, *id.* at 15–16.

Counsel for the plaintiff raises at least three specific objections to the M & R. First, counsel argues that dismissal is an inappropriate sanction. Second, counsel contends that the Magistrate Judge is improperly attempting to reopen the court's denial of one of the defendant's prior motions for summary judgment. Third, counsel asserts that the September 2 Pretrial Conference was converted into a "pretrial of the case" by the Magistrate Judge without the consent of the parties.

Defendant rejects the objections filed by plaintiff's counsel and urges the court to adopt the M & R.

### STATEMENT OF THE FACTS

In brief, the plaintiff alleges that her decedent husband contracted both hepatitis and the virus which causes Acquired Immune Deficiency Syndrome ("AIDS") through tainted blood used in transfusions the plaintiff received during surgery at United States Army hospitals in 1984. Plaintiff seeks damages on behalf of herself and her decedent.

The draft pretrial order submitted by the plaintiff at the September 2 Pretrial Conference declared that six issues were in dispute for resolution at trial.

1. Was the Defendant negligent in the introduction of AIDS into the decedent's body? ["issue 1"]

2. Was the Defendant negligent in the introduction of Hepatitis B into the [decedent's] body? ["issue 2"]

3. Should the Defendant have notified the decedent that he had Hepatitis B prior to his death? ["issue 3"]

4. Was the Defendant negligent in the diagnos[i]s of the decedent with the AIDS virus with respect to [its] timeliness? ["issue 4"] [1]

5. What amount of damages, if any, is the Plaintiff entitled to recover on behalf of the decedent? ["issue 5"]

6. What amount of damages, if any, is the Plaintiff entitled to recover on behalf of herself? ["issue 6"]

Plaintiff's Draft Pretrial Order at 4. Plaintiff supports her statement of the issues with expert deposition testimony from Dr. James E. Hines, III, and Dr. Earl C. Mills.

### DISCUSSION OF THE LAW

I. Dismissal as a Sanction

■ For the reasons stated in the M & R, the court agrees with the Magistrate Judge's recommendation that sufficient cause exists to dismiss this action as a sanction against counsel for the plaintiff. The court recognizes that dismissal is a severe sanction. However, the court finds that counsel has been given "notice and an opportunity to be heard," *Ford v. Alfaro*, 785 F.2d 835, 840 (9th Cir.1986), and that dismissal under Federal

---

**1.** The court will also refer to this issue as the plaintiff's "negligent diagnosis" claim.

Rule of Civil Procedure 16(f) would be appropriate in light of counsel's ongoing pattern of dilatory behavior.

However, the court is not convinced that the plaintiff has the "degree of personal responsibility" for counsel's behavior which warrants a dismissal with prejudice. *Hillig v. C.I.R.*, 916 F.2d 171, 174 (4th Cir.1990). In order to avoid "unjustly penaliz[ing] a blameless client for the attorney's behavior," *id.*, the court finds that the most appropriate type of dismissal would be dismissal without prejudice.

The court also finds that counsel's objections to the Magistrate Judge's M & R are unpersuasive. Counsel contends that "[t]he Local Rules do not provide dismissal as an allowable sanction for a first time failure to complete a Pre–Trial Conference." Pl.'s Opp. to M & R at 8 n. 18. The court finds that the objection must be rejected because the sanction is not imposed merely for counsel's lack of preparation for the September 2 Pretrial Conference. Instead, as more specifically noted in the M & R, the sanction is imposed for counsel's lack of Pretrial Conference preparation *as well as* for counsel's repeated failure to conduct himself with due diligence before the court in this matter.[2]

Counsel for the plaintiff also objects to the M & R by arguing that the Magistrate Judge's recommendation is in effect an improper attempt to reopen the court's June 29, 1993 order (docket entry # 57) denying the defendant's most recent motion for summary judgment. *Id.* at 11. However, the court finds that its June 29 order focused on the sufficiency of the plaintiff's proposed expert witness testimony, while the M & R focuses on counsel for the plaintiff's dilatory and delaying behavior in this matter. Accordingly, the court is satisfied that the Magistrate Judge did not attempt to reopen the summary judgment motion in his M & R.[3]

Plaintiff's counsel also argues that the Magistrate Judge improperly converted the Pretrial Conference into a pretrial of the case itself. *Id.* at 3, 6–7. The court finds that the argument is without merit. The Magistrate Judge appropriately and commendably pressed the parties on their readiness for trial. After reviewing the entire transcript of the Pretrial Conference, the court finds that the Magistrate Judge's management of the Conference was entirely appropriate.

## II. Analysis of the Substance of the Plaintiff's Claims

In the interest of rendering complete justice to all of the parties, the court will also examine the substance of the plaintiff's claims. Procedurally, the court will accomplish this examination by revisiting the defendant's second renewed motion for summary judgment. The court denied the motion in its June 29 order in an attempt to resolve all reasonable doubt in favor of the plaintiff. And to reiterate, the court finds that the Magistrate Judge's M & R did not reopen the denial of summary judgment. However, the development of this case since the court's denial of the second renewed summary judgment motion convinces the court that summary judgment analysis is once again appropriate.

The relevant summary judgment standard was described in a 1986 decision by the United States Supreme Court.

> The moving party is 'entitled to a judgment as a matter of law' because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.... One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265

---

**2.** The court also notes that dismissal is a sanction expressly provided for in Federal Rule of Civil Procedure 16(f), which incorporates Federal Rule of Civil Procedure 37(b)(2)(C).

**3.** The court also rejects plaintiff's counsel's contention that the court's denial of the defendant's

second renewed motion for summary judgment "exists as an inevitable right to trial" for the plaintiff. *Id.* at 3. Nothing in the court's June 29 order, the court's Local Rules, or the Federal Rules of Civil Procedure justifies such a conclusion.

(1986). The court finds that the defendant is entitled to summary judgment on issues 1, 5, and 6 listed at page 4 of the plaintiff's draft pretrial order (docket entry # 61) because the plaintiff has failed to make a "sufficient showing" on the issues. The court further finds that it lacks subject matter jurisdiction over issues 2, 3, and 4 of the plaintiff's draft pretrial order.[4]

A. Issues 2, 3, and 4 fall outside the court's subject matter jurisdiction.

Issues 2, 3, and 4 of the plaintiff's draft pretrial order fall outside the court's subject matter jurisdiction, because they were not included in the administrative claim the plaintiff filed prior to initiating this action under the FTCA.

■ An FTCA action may not be initiated "unless the claimant shall have first presented the claim to the appropriate Federal agency." 28 U.S.C. § 2675(a). "It is well-settled that the requirement of filing an administrative claim is jurisdictional and may not be waived." *Henderson v. United States,* 785 F.2d 121, 123 (4th Cir.1986). As a result, the court lacks subject matter jurisdiction over any of the plaintiff's claims which were not filed as part of her administrative claim.

■ The only statement of negligence in the plaintiff's administrative claim was that "[t]he decedent cont[r]acted AIDS as a result of negligence in the procurement of blood for the blood transfusions needed during the operation."[5] The court finds that this statement does not include issues 2 or 3 of the plaintiff's draft pretrial order, because the statement makes no allegation that the defendant was negligent in the introduction of hepatitis into the decedent's body (issue 2) and because the statement makes no allegation that the defendant should have notified the decedent that he had hepatitis prior to his death (issue 3).

The court further finds that the statement of negligence in the administrative claim does not include issue 4 of the plaintiff's pretrial order. The court has carefully reviewed the administrative claim and finds that it does not allege any incidents which support issue 4, the claim that the defendant's 1987 diagnosis of AIDS in the plaintiff's decedent was negligent "with respect to its timeliness." Plaintiff's administrative claim argued only that the defendant negligently procured AIDS-tainted blood for use in the surgery performed on the decedent. In the court's view, this administrative claim involved incidents which were "wholly distinct" from any incidents which would support issue 4, the negligent diagnosis allegation. *See Deloria v. Veterans Admin.,* 927 F.2d 1009, 1012 (7th Cir.1991) (rejecting an FTCA claim which involved incidents which were "wholly distinct" from the plaintiff's administrative claim).

B. Plaintiff has failed to make a sufficient showing to proceed to trial on issues 1, 5, and 6.

1. Issue 1

■ Issue 1 asks, "Was the Defendant negligent in the introduction of AIDS into the decedent's body?" The court finds that issue 1 lacks a sufficient evidentiary foundation to proceed to trial, because the plaintiff does not have the expert opinion testimony she needs to carry her burden on this issue at trial.[6]

---

4. Plaintiff and the defendant did not agree on a final pretrial order at the September 2 Pretrial Conference. As a result, the record contains the draft pretrial orders prepared separately by the plaintiff and the defendant.

   The draft pretrial orders contain substantially different statements of the issues in dispute between the parties. However, in order to give the plaintiff the benefit of the doubt, the court's analysis of the merits of the plaintiff's case will rely on the plaintiff's statement of the issues.

5. The administrative claim is attached to this order as Appendix A.

6. The court notes that it has subject matter jurisdiction over issue 1 because the issue was included in the plaintiff's administrative claim. Although the issue is not framed in precisely the same language as the administrative claim, the court finds that the negligence alleged in issue 1 and in the administrative claim are substantially identical.

   The court is also convinced by process of elimination that the negligence alleged in the administrative claim was meant to be included in issue 1, because the negligence described in the administrative claim could not possibly be included in any of the other issues listed in the plaintiff's draft pretrial order.

Paragraph two of the plaintiff's original and amended complaints states in part that "[t]his action arises from acts and omissions constituting medical negligence on the part of Army medical health care providers." In other words, the plaintiff is pursuing a medical malpractice case under the FTCA.

The law which governs an FTCA claim is the law of the state in which the alleged negligence occurred. 28 U.S.C. § 1346(b). In the present case, the parties cannot agree whether the plaintiff's FTCA claim is governed by the law of Texas, Georgia, or North Carolina. However, the court finds that the law of all three states requires that the plaintiff establish her medical negligence claim with expert witness testimony. *See Rodriguez v. Reeves*, 730 S.W.2d 19, 21 (C.A.Texas 1987) ("Appellant had the burden to establish from expert testimony: (1) the standard of care in the community and (2) the facts which show that the physician (and hospital) deviated from that standard."), *Austin v. Kaufman*, 203 Ga.App. 704, 705, 417 S.E.2d 660 (1992) (" 'In a medical malpractice case, "the general rule is that medical testimony must be introduced to inform the jurors what is a proper method of treating the particular case." ' ... Expert testimony must also set forth how or in what way the defendant deviated from the parameters of the acceptable professional conduct.") (citations omitted), and *Bowlin v. Duke Univ.*, 108 N.C.App. 145, 149–50, 423 S.E.2d 320 (1992), *discr. rev. denied*, 333 N.C. 461, 427 S.E.2d 618 (1993) ("in the usual medical malpractice case ... the question of injury and the facts

in evidence are peculiarly in the province of expert opinion").

The court further finds that the plaintiff lacks the expert testimony needed to establish issue 1, that is, needed to establish that the defendant was negligent in the introduction of AIDS into the decedent's body by use of AIDS-tainted blood during transfusions which occurred during the decedent's 1984 operations.[7] In order to carry her burden on this issue, the plaintiff would necessarily be required to present expert testimony declaring that the standard of care in 1984 required the defendant to test the blood it used in transfusions and to reject any blood tainted with AIDS.

However, the court finds that both of the plaintiff's expert witnesses stated unequivocally in deposition testimony that no test was available in 1984 to detect the presence of the AIDS virus in blood. 1/11/93 Dep. of Dr. Hines at 183–84; 1/15/93 Dep. of Dr. Mills at 63. As a result, the court concludes that the plaintiff does not have the expert testimony she needs to establish that the defendant acted negligently.[8] Accordingly, the court finds that the plaintiff has failed to make a sufficient showing to proceed to trial on issue 1.

### 2. Issues 5 and 6

For the reasons stated above, the court finds that the plaintiff cannot prevail at trial on any of the four proposed issues of liability (issues 1–4) listed in her draft pretrial order. Accordingly, the court further finds that the plaintiff has made a clearly insufficient show-

---

**7.** The court also finds that the plaintiff has made no allegation of any other means by which the AIDS virus was introduced into the decedent's body.

Moreover, the court finds that even if the plaintiff attempted to allege another means by which the virus was introduced into the decedent's body, her attempt would be unsupported by the testimony of her expert witnesses. Plaintiff's experts either testified expressly that the decedent acquired the AIDS virus through the blood transfusions (1/15/93 Dep. of Dr. Mills at 62) or testified that they had no opinion on how the decedent acquired the virus (1/11/93 Dep. of Dr. Hines at 225–28).

**8.** The court also notes that in Texas, Georgia, and North Carolina, the doctrine of *res ipsa*

*loquitor* may not be used to establish medical negligence issues which are outside the scope of the understanding of the ordinary layperson. *See Haddock v. Arnspiger*, 793 S.W.2d 948, 951 (1990) (Texas), *McClure v. Clayton County Hospital Authority*, 176 Ga.App. 414, 416, 336 S.E.2d 268 (1985) (Georgia), and *Bowlin*, 108 N.C.App. at 149, 423 S.E.2d 320 (North Carolina).

The court finds that issue 1 in the plaintiff's draft pretrial order demands an analysis of the proper handling of transfused blood products which is outside the scope of the understanding of the ordinary layperson. Accordingly, the court further finds that the plaintiff would not be able to circumvent her lack of expert testimony at trial by supporting her medical negligence claim instead with the doctrine of *res ipsa loquitor*.

ing to proceed to trial on issues 5 and 6, her claims for damages.

### C. Summary.

In sum, the court will dismiss three of the plaintiff's claims (issues 2, 3, and 4 of the draft pretrial order) for lack of subject matter jurisdiction. The court will grant summary judgment in favor of the defendant on the remaining three claims (issues 1, 5, and 6).

### III. Dismissal Procedure

If the court dismissed this action solely as a sanction against counsel for the plaintiff, it would dismiss all of the plaintiff's claims without prejudice, for the reasons stated *supra* at 4. However, based on the court's analysis of the substance of the plaintiff's claims, the court will grant summary judgment to the defendant on the plaintiff's AIDS-related claims (issues 1 and 4) and therefore dismiss the claims with prejudice. The court will dismiss the plaintiff's hepatitis-related claims (issues 2 and 3) for lack of subject matter jurisdiction but will order that the dismissal be without prejudice.

To the extent the plaintiff's damages claims (issues 5 and 6) arise out of her AIDS-related claims, the court will grant summary judgment to the defendant and therefore dismiss the damages claims with prejudice. However, to the extent the damages claims arise out of the plaintiff's hepatitis-related claims, the court will dismiss the damages claims for lack of subject matter jurisdiction without prejudice.

### A. Hepatitis Allegations

■ The court will dismiss the hepatitis-related allegations without prejudice so that the plaintiff may file the allegations in a renewed administrative claim and, if necessary, in a new FTCA action. The court recognizes that the plaintiff did not learn that her decedent contracted hepatitis during his 1984 blood transfusions until she acquired medical records from the defendant through

discovery in the present action. Pl.'s Br. in Supp. of Mot. to Amend (docket entry # 13) at 2 and 3. As a result, the court finds that the plaintiff did not know of the hepatitis allegations at the time she filed the administrative claim and that her failure to include the hepatitis allegations in the administrative claim was excusable.

The court acknowledges that the FTCA statute of limitations may have expired for the plaintiff's hepatitis-related claims. *See* 28 U.S.C. § 2401(b) (administrative claim must be filed within two years of when the claim accrues and FTCA action must be filed within six months of final agency denial of the administrative claim). Alternatively, because the plaintiff did not know of her hepatitis claims until after the filing of the present action, the court finds that the statute may possibly be equitably tolled.[9] *See Arigo v. United States*, 980 F.2d 1159, 1161–62 (8th Cir.1992) ("In *Irwin v. Veterans Admin.*, 498 U.S. 89, [94–95], 111 S.Ct. 453, 457 ... [112 L.Ed.2d 435] (1990), the Supreme Court held that statutes of limitation in suits against the government are subject to equitable tolling. Following Irwin, we have held § 2401(b)'s limitations period is not jurisdictional and may be equitably tolled."); *see also Muth v. United States*, 1 F.3d 246, 249 (4th Cir.1993) ("For the purposes of section 2401(b), a cause of action accrues when the plaintiff knows, or in the exercise of due diligence, should have known, first, of the existence of the injury, and second, of the cause thereof.").

However, even if it is determined that the statute of limitations has expired, the court finds that it would not alter its decision to dismiss the plaintiff's hepatitis-related allegations. Because the filing of an administrative claim is a jurisdictional prerequisite to filing an FTCA action, "dismissal is mandatory when a plaintiff fails to file a claim with the proper administrative agency." *Henderson*, 785 F.2d at 124.

Accordingly, although the court would sympathize with the plaintiff if the statute

---

9. Of course, if the plaintiff refiles the hepatitis allegations in a new FTCA action, the judge who is assigned to the new action will supply an independent analysis of the equitable tolling principles and will issue the only binding decision on whether the statute of limitations is equitably tolled.

has expired, the court would not permit the plaintiff to go forward on the hepatitis allegations in the absence of a previously filed administrative claim which included the hepatitis allegations. *See Muth,* 1 F.3d at 249 ("[T]his court notes that the FTCA is a limited waiver of sovereign immunity.... Among the limitations Congress placed on the consent to suit is the requirement that the plaintiff initially present an administrative claim to an appropriate federal agency."); *see also Block v. North Dakota,* 461 U.S. 273, 287, 103 S.Ct. 1811, 1819–20, 75 L.Ed.2d 840 (1983) ("The basic rule of federal sovereign immunity is that the United States cannot be sued at all without the consent of Congress. A necessary corollary of this rule is that when Congress attaches conditions to legislation waiving the sovereign immunity of the United States, those conditions must be strictly observed, and exceptions thereto are not to be lightly implied.").

### B. AIDS Allegations

The court will dismiss the AIDS-related claims with prejudice by granting summary judgment to the defendant on the claims. Plaintiff knew at the time of filing her administrative claim that her decedent contracted AIDS before his death. However, the plaintiff either failed to include her AIDS-related allegations in the administrative claim (issue 4: negligent diagnosis) or failed to muster the expert testimony required to establish her AIDS–related allegations at trial (issue 1: negligent testing of transfused blood). In either case, the court finds that dismissal with prejudice is appropriate.

### CONCLUSION

For the aforementioned reasons, it is hereby ORDERED that summary judgment is GRANTED in favor of the defendant on all of the plaintiff's AIDS-related claims, including the AIDS-related damages claims. It is further ORDERED that all of the AIDS-related claims are DISMISSED WITH PREJUDICE.

In addition, it is hereby ORDERED that all of the plaintiff's hepatitis-related claims, including the hepatitis-related damages claims, are DISMISSED for lack of subject matter jurisdiction. It is further ORDERED that the dismissal of the hepatitis-related claims is WITHOUT PREJUDICE.

# APPENDIX A

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and apply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 EXPIRES 4-30-88 |
|---|---|---|
| 1. Submit To Appropriate Federal Agency:<br>Staff Judge Advocate Office<br>Attention: Claims Judge Advocate<br>Fort Bragg, N.C. 28307 | 2. Name, Address of claimant and claimant's personal representative, if any. (See instructions on reverse.) (Number, street, city, State and Zip Code)<br>Domingos, Maxine S.<br>C. Leon Lee, II, Attorney at Law<br>316 Cross Creek Street<br>Fayetteville, N.C. 28301 | |

| 3. TYPE OF EMPLOYMENT<br>☐ MILITARY ☒ CIVILIAN | 4. DATE OF BIRTH<br>8-28-17 | 5. MARITAL STATUS<br>Married | 6. DATE AND DAY OF ACCIDENT<br>October 18, 1984 | 7. TIME (A.M. OR P.M.)<br>Unknown |
|---|---|---|---|---|

8. Basis of Claim (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurence and the cause thereof) (Use additional pages if necessary.) The claimant's husband, Frank S. Domingos, underwent by-pass surgery at Brooke Medical Center, Fort Sam Houston on April 25, 1984. The decedent on October 18, 1984 underwent an aneurysmectomy at Eisenhower Medical Center at Fort Gordon, GA. The decedent received blood transfusions during both surgical procedures. The decedent suffered from unexplained chills and fever, indigestion, heartburn and diarrhea following the October 18, 1984 procedure. In November 1987, decedent was diagnosed as having been exposed to AIDS virus and had contacted Acquired Immune Deficiency Syndrome. The decedent contacted AIDS as a result of negligence in the procurement of blood for the blood transfusions needed during the operation. The decedent's standard of living and physical condition continued to decline and he subsequently died on August 24, 1989.

| 9. | PROPERTY DAMAGE |
|---|---|

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, street, city, State, and Zip Code)

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. (See instructions on reverse side.)

APPENDIX A

| 10. | PERSONAL INJURY/WRONGFUL DEATH |
|---|---|

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT.
FRANK S. DOMINGOS

Exposure to Acquired Immune Deficiency Syndrome resulting in death.

| 11. | WITNESSES | |
|---|---|
| NAME | ADDRESS (Number, street, city, State, and Zip Code) |
| | **90-301-7038**<br>**NOV 14 1989** |

| 12. (See instructions on reverse) | AMOUNT OF CLAIM (in dollars) | | | |
|---|---|---|---|---|
| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY<br>$3,000,000.00 | 12c. WRONGFUL DEATH<br>$6,000,000.00 | 12d. TOTAL (Failure to specify may cause forfeiture of your rights.)<br>$9,000,000.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE ACCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side.)<br>*Maxine S. Domingos* | 13b. Phone number of signatory | 14 DATE OF CLAIM |
|---|---|---|

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant shall forfeit and pay to the United States the sum of $2,000, plus double the amount of damages sustained by the United States. (See 31 U.S.C. 3729.) | Fine of not more than $10,000 or imprisonment for not more than 5 years or both. (See 18 U.S.C. 287, 1001.) |

95-107
Previous editions not usable.

NSN 7540-00-634-4046

STANDARD FORM 95 (Rev. 7-85)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2