Marion STOVER, Appellant,

v.

Jerold W. GORMLEY, D.D.S., Appellee.

No. 07–93–0144–CV.

Court of Appeals of Texas,
Amarillo.

July 12, 1994.

Order Overruling Rehearing Aug. 19, 1994.

Leighton Cornett, Paris, for appellant.

Peterson, Farris, Doores & Jones, Barry D. Peterson, Amarillo, for appellee.

Before DODSON, BOYD and POFF, JJ.

BOYD, Justice.

In this appeal, appellant Marion Stover (Stover) challenges a take-nothing summary judgment in favor of appellee, Jerold W. Gormley, D.D.S. (Gormley). In one point of error, she contends that the trial court erred in entering the summary judgment for the reason that Gormley failed to establish his affirmative defense of limitations as a matter of law so as to entitle him to the judgment. For reasons hereinafter stated, we affirm the judgment in part and reverse it in part.

## HISTORY OF THE CASE

On September 14, 1988, Stover contacted Gormley regarding a surgical procedure to

improve Stover's ability to wear dentures. Gormley initially intended to perform a bone graft to help provide the necessary support to retain Stover's dentures; however, he subsequently proposed to perform a skin graft to accomplish the same objective and Stover agreed to that procedure.

Gormley performed the operation on September 27, 1988 and Stover was released from the hospital on September 30, 1988. After the surgery, Stover informed Gormley that she was experiencing significant pain and numbness in her upper lip, nose, and surrounding areas of her face. Stover returned to see Gormley on several occasions for follow-up care and also to seek relief from the problems she experienced after the surgery. According to Gormley's records, he last treated Stover on January 30, 1990 and, on that date, he referred her to Dr. Paullus for a post-operative neurological evaluation. On March 8, 1990, after a telephone conversation with Paullus's neurological technician, Gormley referred Stover to "the district clinic" for funding of additional studies in Dallas. On March 15, 1990, according to his records, Gormley referred Stover to a specialist in Dallas for additional neurological diagnostic studies. However, according to Stover, when she last called Gormley in March of 1990, he told her that she was "on [her] own" and that if she wanted to have the nerve test done in Dallas, she would have to do it at her own expense.

Stover sent a written notice of claim to Gormley on November 8, 1990[1] and filed the instant suit on February 22, 1991. In her petition, Stover alleged that Gormley "improperly performed [the] surgery and improperly treated plaintiff after the surgery." Gormley did not file an exception to Stover's failure to allege more specifically the shortcomings of the post-surgical treatment. Stover also alleged that Gormley was negligent in choosing to perform a skin graft rather than a bone graft.

■■■ Read as a whole and in the light in which we must review them, Stover's allegations are sufficient to assert that Gormley committed medical malpractice in that he was negligent in his choice of the surgical method, in his performance of the surgery, and in his post-surgery treatment. Stover also sufficiently alleged that Gormley violated several provisions of the Texas Deceptive Trade Practices–Consumer Protection Act (DTPA) as a result of certain alleged false representations he made.[2]

Gormley successfully moved for summary judgment on the basis that the two-year limitation periods provided by the Texas Medical Liability and Insurance Improvement Act[3] and the DTPA[4] had run on both the negligence and DTPA claims.

## LEGAL STANDARDS AND STANDARDS OF REVIEW

In order for a defendant to prevail on a motion for summary judgment, he or she must disprove, as a matter of law, at least one of the essential elements of each of the plaintiff's causes of action, *Lear Siegler, Inc. v. Perez,* 819 S.W.2d 470, 471 (Tex.1991), or establish one or more defenses as a matter of law, *Bryant v. Gulf Oil Corp.,* 694 S.W.2d 443, 445 (Tex.App.—Amarillo 1985, writ ref'd n.r.e.). The standards for reviewing a motion for summary judgment, as set out by the Texas Supreme Court in *Nixon v. Mr. Property Management Company,* 690 S.W.2d 546 (Tex.1985), are well established. They are:

1. The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.

2. In deciding whether there is a disputed material fact issue precluding summary

---

1. The Texas Medical Liability and Insurance Improvement Act requires that any person asserting a health care liability claim provide written notice to each defendant at least sixty (60) days before suit is filed. *Tex.Rev.Civ.Stat.Ann.* art. 4590i, § 4.01 (Vernon Supp.1994).

2. Tex.Bus. & Com.Code Ann. §§ 17.41–.63 (Vernon 1987 & Supp.1994).

3. Tex.Rev.Civ.Stat.Ann. art. 4590i, § 10.01 (Vernon Supp.1994).

4. Tex.Bus. & Com.Code Ann. art. 17.565 (Vernon 1987).

judgment, evidence favorable to the non-movant will be taken as true.

3. Every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor.

*Id.* at 548–49.

## DISCUSSION

■ The parties acknowledge that Stover's notice of claim and petition were filed more than two years after the surgery, but less than two years after the end of her treatment by Gormley. Bearing that in mind, we will first deal with the limitations provision of the Texas Medical Liability and Insurance Improvement Act (the Act).

Section 10.01 of the Act provides:

Notwithstanding any other law, no health care liability claim may be commenced unless the action is filed within two years from the occurrence of the breach or tort or from the date the medical or health care treatment that is the subject of the claim or the hospitalization for which the claim is made is completed....

Tex.Rev.Civ.Stat.Ann. art. 4590i, § 10.01 (Vernon Supp.1994). This section establishes three possible dates from which medical malpractice liability claims may run: (1) the date of the breach or tort; (2) the date the health care treatment that is the subject of the claim is completed; or (3) the date the hospitalization for which the claim is made is completed. *Rountree v. Hunsucker,* 833 S.W.2d 103, 104 (Tex.1992); *Kimball v. Brothers,* 741 S.W.2d 370, 372 (Tex.1987). The date Stover was released from the hospital is not significant to this case, therefore, we need only determine which of the other two possible dates the limitation period on Stover's claim began to run.

Stover takes the position that the surgery and follow-up care were all part of a single course of treatment. Therefore, it is her position that her last day of treatment is the date from which the limitations provision of the Act must run. In his motion for summary judgment, Gormley argued that the only instance in which any negligence on his part may have occurred was during Stover's September 27, 1988 surgery and, therefore, the filing of the petition was outside the two-year limitation period. We review that contention, as we must, according to the standards set forth in *Lear Siegler, Bryant,* and *Nixon.*

To determine if Gormley has proven, as a matter of law, the affirmative defense of limitations with regard to his alleged medical malpractice, we must examine more closely the causes of action raised by Stover's petition. In the second paragraph of her petition, Stover alleged that Gormley was negligent in three respects: first, in deciding to perform a skin graft instead of a bone graft; second, in performing the procedure in a manner that was below the standard of care normally exercised by a doctor performing that procedure; and third, in providing substandard follow-up care. In support of her position that the last date of treatment is the only ascertainable date from which limitations can run, she argues that these three acts of negligence were part of a continuing course of treatment. We disagree.

The present case is very similar to *Shook v. Herman,* 759 S.W.2d 743 (Tex.App.—Dallas 1988, writ denied), and we find that court's decision helpful. In that case, the plaintiff had eye surgery on August 9, 1982. *Id.* at 744. The doctor who performed the surgery also provided follow-up care. The same doctor performed a second surgery on the same eye on November 30, 1983 and also provided the follow-up care for that surgery.

The plaintiff contended that these events constituted an ongoing chain of events that were not separable into specific breaches or torts, thereby preventing the statute of limitations from running until the course of treatment provided by the doctor was completed. *Id.* at 745. En route to rejecting that contention, the Dallas Court of Appeals cited the proposition espoused in *Kimball,* 741 S.W.2d at 372, that when the precise date of a breach or tort can be ascertained, that is the date from which limitations run. *See also Marchal v. Webb,* 859 S.W.2d 408, 413 (Tex.App.—Houston [1st Dist.] 1993, writ denied) (on rehearing); *Dougherty v. Gifford,* 826 S.W.2d 668, 673 (Tex.App.—Texarkana 1992, no writ). With this proposition in mind, the court treated the plaintiff's petition

as alleging four negligent events: the first surgery, its follow-up care, the second surgery, and its follow-up care. *Shook*, 759 S.W.2d at 746. Finding the first three events occurred more than two years before the plaintiff filed her notice of claim and petition, the court affirmed a summary judgment in favor of the defendant on the basis of limitations. Parenthetically, the summary judgment as to the fourth event was affirmed because the court found the defendant established the absence of negligence in that matter. *Id.* at 747.

We find the proposition stated and followed in *Shook* and the cases cited therein is applicable here. Therefore, we will apply the same proposition in analyzing Gormley's contention as to the applicability of the limitations bar in this case. Although Stover argues that all of the treatment provided by Gormley constituted a single course of treatment, her petition actually alleges two negligent events, the surgical procedure and the ensuing care. As the ending date of each of these events is readily ascertainable, the limitation period provided by section 10.01 of the Act must be calculated from those respective dates.

From this perspective, we find that the trial court did not err in granting Gormley summary judgment as to Stover's claim arising out of his choice of surgical method and his surgical performance. The summary judgment evidence was sufficient to sustain the holding that the claim was barred by the Act's statute of limitation. However, we do not agree that Gormley was entitled to a summary judgment regarding Stover's claim arising out of the follow-up care.

The premise of Gormley's motion and summary judgment evidence was that the limitation period began on September 27, 1988, the date of the surgery. That premise and evidence is not sufficient to establish, as a matter of law, that any claim Stover may have had for improper follow-up treatment after the surgery and through her last contact with Gormley was barred by limitations. As Gormley failed to establish that Stover's claim of improper post-surgical care was barred by limitations he was not entitled to summary judgment on that issue.[5] This is especially true because summary judgment may not be granted on a theory not presented in a movant's motion. *McConnell v. Southside School Dist.*, 858 S.W.2d 337, 341 (Tex.1993); Tex.R.Civ.P. 166a(c).

■■■ Stover also seeks to invoke the doctrine of fraudulent concealment for the first time on appeal. She argues that Gormley falsely represented to her that the numbness and pain she was feeling would "go away" in 10 to 12 months and that such representations were sufficient to fall within the ambit of that species of equitable estoppel. In a proper case, invocation of fraudulent concealment estops a defendant from relying upon a statute of limitation as an affirmative defense to a cause of action. It applies where a defendant is under a duty to make disclosure but fraudulently conceals the existence of a cause of action from the party to whom it belongs. In such an instance, the defendant is estopped from relying on the defense of limitations until the party learns of the right of action or should have learned of that right through the exercise of reasonable diligence. *Borderlon v. Peck*, 661 S.W.2d 907, 908 (Tex. 1983). Because the physician-patient relationship is one of trust and confidence, Texas recognizes that a physician's failure to disclose a negligent act or fact that an injury has occurred constitutes fraudulent concealment. *Id. See also Williams v. Khalaf*, 802 S.W.2d 651, 657 (Tex.1990); *Rhodes v. McCarron*, 763 S.W.2d 518, 523 (Tex.App.— Amarillo 1988, writ denied).

■■■ It is the rule, however, that with the exception of an attack on the legal sufficiency of the grounds raised by the movant, a non-movant in a summary judgment proceeding

---

5. Gormley argues in his brief that there is no evidence of negligence in the post-surgical care; however, this argument was not made in his motion for summary judgment. The motion's only reference to the post-surgical claim is the statement that "[t]he health care of which plaintiff complains and which is the subject of her claim occurred on or before September 27, 1988." Again, a summary judgment cannot be affirmed based on a ground not presented to the trial court. *Jones v. Legal Copy, Inc.*, 846 S.W.2d 922, 924 (Tex.App.—Houston [1st Dist.] 1993, no writ).

must expressly present to the trial court any reasons he relies upon in seeking to avoid the movant's entitlement to summary judgment. Such reasons include those set out in Rules 93 and 94 of the Texas Rules of Civil Procedure. *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671, 676–78 (Tex. 1979); *see also McConnell,* 858 S.W.2d at 341. Fraudulent concealment is a species of estoppel and, as such, it is one of those affirmative defenses enumerated in Rule 94. Inasmuch as Stover failed to present this defense to the trial court, she is precluded from claiming it now.

■ Stover also argues that her allegations that Gormley knowingly made material misrepresentations to her was sufficient to plead an independent cause of action for fraud. Her argument follows that this action for fraud invoked the general four-year statute of limitations and, therefore, her petition was timely filed.[6] We disagree.

In her first amended original petition, her active pleading, Stover did not allege an independent cause of action for fraud. It is well established that a plaintiff's pleading must provide fair notice of the cause of action and relief sought. *Stoner v. Thompson,* 578 S.W.2d 679, 683 (Tex.1979). In paragraphs four, five, and seven of her petition, Stover alleges several instances of misrepresentation and false representations by Gormley. In paragraph eight, she alleges:

> Plaintiff alleges that as a result of the negligence of defendant, and as a result of the representations made knowingly to her, she has suffered damages in excess of FIVE HUNDRED THOUSAND DOLLARS (500,000.00), and sues defendant for same.
>
> The knowing misrepresentations made by defendant as above alleged herein, constitutes (sic) violations of the Deceptive Trade Practices act (sic), Texas Business and Commercial (sic) Code Annoted (sic) Section 17.41–17.63 (1987 and supplement 1991) (DTPA) arising out of dental services provided by the defendant.

Taken together, paragraphs four, five, seven, and eight alleged a cause of action under the DTPA and for medical negligence; however, they did not give fair notice that Stover was seeking recovery under an independent fraud claim. Thus, the four-year limitation statute in question is not applicable to this case.

■ We must now consider Stover's claims under the Texas DTPA in which she avers that Gormley knowingly made the false representations that the skin graft procedure would work as well as a bone graft and that he would be able to perform the surgery without difficulty. In response, Gormley argues that any such cause of action is also included in the two-year limitation period provided by section 10.01 of the Act. He contends that this is so because the first sentence of that section specifically provides that the section governs all health care liability claims "[n]otwithstanding any other law." Therefore, he reasons that the limitation provision of the DTPA is inapplicable. We disagree.

Section 12.01(a) of the Act is the provision that governs the relationship between the Act and the DTPA. *Chapman v. Paul R. Wilson, Jr., D.D.S., Inc.,* 826 S.W.2d 214, 219 (Tex.App.—Austin 1992, writ denied). Section 12.01(a) provides:

> Notwithstanding any other law, no provision of Sections 17.41–17.63, Business & Commerce Code, shall apply to physicians or health care providers as defined in Section 1.03(3) of this Act, with respect to claims for damages for personal injury or death *resulting, or alleged to have resulted, from negligence* on the part of any physician or health care provider.

Tex.Rev.Civ.Stat.Ann. art. 4590i, § 12.01(a) (Vernon Supp.1994) (emphasis added). While the language of the section is sufficient to exempt health care providers from DTPA claims based upon negligence, it does not cover a cause of action based upon a "knowing" misrepresentation, inasmuch as a "knowing" action is not the equivalent of a negligent one. *Sorokolit v. Rhodes,* 1994 WL 138329, 37 Sup.Ct.J. 680, 682 (April 20, 1994). Because Stover's DTPA claims are based upon allegations of "knowing" misrepresenta-

---

**6.** *See* Tex.Civ.Prac. & Rem.Code Ann. § 16.051 (Vernon 1986).

tions and not negligence, they are not governed by the limitations provided by section 10.01 of the Act. *Id. See also Chapman,* 826 S.W.2d at 219; Richard M. Alderman, *The Business of Medicine—Health Care Providers, Physicians, and the Deceptive Trade Practices Act,* 26 Hous.L.Rev. 109, 141 (1989).

Having made that decision, we must next decide if Stover's DTPA claims were barred by section 17.565, the relevant limitation provision of the DTPA. That section, which is similar to section 10.01 of the Act, provides a two-year limitation period within which to bring an action. However, unlike section 10.01, section 17.565 provides that the limitation period begins to run from the date the plaintiff "discovered or in the exercise of reasonable diligence should have discovered" the cause of action. Tex.Bus. & Com.Code Ann. § 17.565 (Vernon 1987).

In a summary judgment proceeding, section 17.565 places the burden on the defendant to establish, as a matter of law, that the plaintiff either discovered or should have discovered the acts giving rise to the cause of action. *Burns v. Thomas,* 786 S.W.2d 266, 267 (Tex.1990); *Eshleman v. Shield,* 764 S.W.2d 776, 777 (Tex.1989). Therefore, we must examine the summary judgment evidence with regard to Stover's DTPA claims to see if Gormley showed his entitlement to the summary judgment in regard to those claims.

Stover's DTPA claims are contained in paragraphs four, five, and seven of her first amended original petition.[7] Paragraph four addresses alleged misrepresentations Gormley made to Stover to induce her to have the surgery performed. In paragraph five, Stover alleges that about six or seven weeks after the surgery, Gormley made certain knowing misrepresentations to her concerning her recovery. In her seventh paragraph, Stover re-alleges her complaint that she was induced to consent to the surgery by Gormley's knowing misrepresentations and that these statements also induced her to permit subsequent treatment by Gormley.

7. That petition does not contain a paragraph six.

In her summary judgment affidavit testimony, Stover averred that Gormley told her that he could do the surgery "with no problems." She further swore that he first told her he would graft some bone under the skin of her upper gums and build them up so that she would have no problem wearing her dentures. He then told her that he had decided to take skin from her upper leg for the graft, that this procedure would work just as well as the bone graft, and that "there would be no problem." She also swore that he told her that when he "got through" with the surgery, he would send her to another dentist to make the denture plates, that the plates would fit well, and that she "would have a hard time getting them out of her mouth."

A few days after the operation, Stover visited Gormley and told him that her upper lip and nose were still numb and very tender. He told her that she would regain feeling in those areas and that the pain would go away after a period of about six months. When Stover returned to Gormley's office to have the sutures removed approximately a week later, she was told that the pain would go away in about 10 or twelve months. Suffice it to say, from our review not only of Stover's summary judgment affidavit but of the summary judgment record as a whole, we cannot say that the evidence was sufficient to establish, as a matter of law, that Stover knew or should have known of the existence of a possible DTPA cause of action within the section 17.565 limitation period. Thus, the trial court erred in holding Stover's DTPA claims were barred by that statute.

For the reasons we have discussed above, we affirm the trial court's summary judgment as to appellant's claims of medical negligence arising out of or before the September 27, 1988 surgery. We reverse the summary judgment as to appellant's negligence claims arising out of the follow-up care provided by Gormley and as to Stover's DTPA action against Gormley. We remand those portions of the suit to the trial court.

## ON APPELLEE'S MOTION FOR REHEARING

Asserting four points of error, appellee Jerold W. Gormley, D.D.S., has filed a motion for rehearing of this cause. In his motion, Dr. Gormley contends that this court erred in: (1) applying the statute of limitations found in the Texas Deceptive Trade Practices–Consumer Protection Act [1] (DTPA) to appellant Marion Stover's claim that Dr. Gormley, a health care provider, knowingly and intentionally made false representations concerning Stover's surgery and recovery;[2] (2) applying the discovery rule so as to avoid Dr. Gormley's affirmative defense of limitations to Stover's DTPA claims; (3) reversing a portion of the trial court's summary judgment on a point not asserted by either party; and (4) reversing a portion of the trial court's summary judgment on an issue Stover did not expressly present to the trial court. We remain convinced that our disposition of the appeal was correct. Consequently, for the following reasons, Dr. Gormley's motion for rehearing must be overruled.

Regarding Dr. Gormley's first point, we remain convinced, for reasons given in our original opinion, that the statute of limitations provided in section 17.565 of the Texas Business and Commerce Code is applicable to Stover's DTPA claims. In his second point, Dr. Gormley argues that by failing to plead the discovery rule to avoid his defensive plea that the DTPA allegations were barred by the statute of limitations, "Stover waived that defense." We disagree.

We pointed out in our original opinion that section 17.565 provides that its two-year limitation period begins to run from the date the "consumer discovered or in the exercise of reasonable diligence should have discovered" the false, misleading or deceptive act or practice giving rise to the cause of action. In *Burns v. Thomas*, 786 S.W.2d 266 (Tex.1990), also cited in our original opinion, the Texas Supreme Court commented that "[t]he legislature essentially wrote the discovery rule into the DTPA" by including the above quoted language in the statute of limitations. *Id.* at 267. The court went on to say that in order to claim the benefit of the statute on summary judgment, the defendant must "bear[ ] the burden of establishing as a matter of law that the plaintiff either discovered or should have discovered the acts giving rise to the cause of action." *Id. See also Eshleman v. Shield,* 764 S.W.2d 776, 777 (Tex. 1989).

To be entitled to summary judgment, a defendant must establish, as a matter of law, one or more defenses to the plaintiff's cause of action. *Bryant v. Gulf Oil Corp.,* 694 S.W.2d 443, 445 (Tex.App.—Amarillo 1985, writ ref'd n.r.e.). For the reasons we iterated in our opinion, Dr. Gormley failed to sustain his burden of establishing, as a matter of law, that Stover either discovered or should have discovered the alleged acts giving rise to her cause of action.

In the point of error asserted in her brief, Stover contended that the trial court erred in entering Dr. Gormley's summary judgment based upon the plea of limitations. This point is sufficient to permit her to challenge whether Dr. Gormley met his burden of showing his entitlement to the trial court judgment. *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671, 678 (Tex. 1979); *Malooly Brothers, Inc. v. Napier,* 461 S.W.2d 119, 121 (Tex.1970).

As stated above, we continue to believe the disposition of the case made in our original opinion was correct. Accordingly, Dr. Gormley's motion for rehearing is overruled.

---

**1.** Tex.Bus. & Com.Code Ann. §§ 17.41–.63 (Vernon Supp.1994).

**2.** Appellee argues that appellant's DTPA claims against a health provider should be controlled by the limitations statute of the Texas Medical Liability and Insurance Improvement Act. *See* Tex. Rev.Civ.Stat.Ann. art. 4590i, § 10.01 (Vernon Supp.1994).