Jackson-BL v. Dr. Saxton 















IN THE
TENTH COURT OF APPEALS
 

No. 10-95-291-CV

     BETTIE L. JACKSON,
                                                                                              Appellant
     v.

     ROBERT H. SAXTON, M.D.,
                                                                                              Appellee
 

From the 74th District Court
McLennan County, Texas
Trial Court # 93-3755-3
                                                                                                    

O P I N I O N
                                                                                                    

      This is an appeal by Appellant Jackson (plaintiff in the trial court) from a summary judgment
that she take nothing in her medical malpractice suit against Appellee Dr. Saxton (defendant in the
trial court).
      Appellant, a physical therapy assistant at the Mexia State School, injured her back when
lifting an incapacitated patient on February 4, 1991. After local treatment she was referred to
Appellee who, on August 20, 1991, performed surgery on her back which included the removal
of a ruptured disc. Following the surgery, she was seen in Appellee's office for the removal of
her staples. On September 9, 1991, Appellee released her for light duty effective September 23,
1991, and subsequently released her for full duty effective October 23, 1991. Appellant continued
to have problems with her back and saw Appellee in July 1992. Appellee ordered tests, X-rays
and diagnostic scans, and told Appellant there was nothing wrong and released her to return to
work.
      Appellant went to another doctor who performed additional surgery on her and, following
such surgery, she had no problems. She then sued alleging Appellee negligent: (1) in failing to
conduct proper follow-up care and treatment before returning her to work; and (2) in failing to
properly diagnose Appellant's condition concerning the need for additional surgery in July 1992. 
Appellant alleged such negligence was a proximate cause of her damages.
      Appellee filed a motion for a summary judgment that Appellant take nothing, supporting same
by his own affidavit. The trial court granted Appellee's motion.
      Appellant appeals on two points of error:
      Point one: "The trial court erred in granting defendant's motion for summary judgment
because defendant's affidavit in support of the motion fails to meet the requirements of Rule 166a
and cannot support a judgment."
      Rule 166a provides in pertinent part:
            A summary judgment may be based on the uncontroverted testimonial evidence
of an interested witness or of an expert witness as to subject matter concerning
which the trier of fact must be guided solely by the opinion testimony of
experts, if the evidence is clear, positive and direct, otherwise credible and free
from contradictions and inconsistencies, and could have been readily
contradicted.

      Dr. Saxton's affidavit in pertinent part states:
            I am familiar with the standard of post-operative care and treatment by a
neurosurgeon, of the post laminectomy patient presenting as did Bettie Jackson
in late August or September 1991. Following discharge from the hospital, the
patient should be seen on an out-patient basis for removal of the staples and a
post-operative checkup. In the absence of post-operative complications, they
can be released to resume normal activities, as tolerated, but instructed to avoid
heavy lifting immediately following surgery.

      The foregoing affidavit sets out the standard of post-operative care owed to a patient.    Appellant asserts that a form letter, which was a part of the file Dr. Saxton maintained on her,
contradicted his affidavit on post-operative care. She asserts such letter states: "She will be seen
for three or four post-op follow-up visits prior to being released back to all usual activities." 
However, Appellant did not file, as summary judgment evidence, the form letter or copies of her
medical records in which the letter was allegedly contained.
      The "evidence" on which Appellant relies to establish a standard of care (or contradict Dr.
Saxton's affidavit on the standard of care) cannot be considered. Moreover, such is not contained
in sworn testimony of a qualified expert as establishing any standard of care. Shook v. Herman,
759 S.W.2d 743, 746 (Tex. App.—Dallas 1988, writ dism'd).
      Appellee's affidavit in support of his motion for a summary judgment does meet the
requirements of Rule 166a.
      Point one is overruled.
      Point two: "The trial court erred in granting defendant's motion for summary judgment
because, under the facts of this case, no particular expertise is needed for a jury to determine
whether plaintiff's damages were caused by defendant's conduct."
      In a medical malpractice case, establishing the right to prevail on a summary judgment and
negating that right depends, almost without exception, upon expert testimony. Hart v. Van Zandt,
399 S.W.2d 791, 792 (Tex. 1966).
      Dr. Saxton's affidavit supporting his motion for a summary judgment states in pertinent part:
      It is my professional opinion that the care and treatment rendered to Bettie
Jackson was within the standard of care and treatment by a neurosurgeon of the
patient with the same or similar conditions of Bettie Jackson in McLennan
County and the medical community at large at that time. It is further my
opinion that, based on reasonable medical probability, I complied fully with the
standard of care of a neurosurgeon practicing under the same or similar
circumstances and that I treated Bettie Jackson as would a reasonably prudent
physician under the same or similar circumstances . . . . Based on my personal
knowledge and involvement in Ms. Jackson's case and my education, training
and experience as a medical doctor, and based on reasonable medical
probability, it is my opinion that there was no negligent act or omission by me
in my treatment of Ms. Jackson that was a proximate cause of any injury to her.

      Appellant did not controvert the affidavit of Dr. Saxton with expert medical testimony. 
Appellant asserts she does not need expert medical testimony because "the nature of the alleged
malpractice and injuries are plainly within the common knowledge of laymen," in effect, alleging
that this is a res ipsa loquitur case.
      In a medical malpractice case, plaintiffs are required to show evidence of a reasonable medical
probability or reasonable probability that their injuries were proximately caused by the negligence
of the defendant. Park Place Hospital v. State of Melo, 909 S.W.2d 508, 511 (Tex. 1995).
      Except under extremely rare circumstances, such as foreign objects left in the body or cutting
off the wrong leg type cases, a plaintiff must produce expert medical testimony to sustain a
medical malpractice action. Jones v. Papp, 782 S.W.2d 236, 243 (Tex. App.—Houston [14th
Dist.] 1989, writ denied).
      When the defendant has produced competent evidence at a summary judgment hearing to
negate a necessary element of plaintiff's cause of action, the burden shifts to the plaintiff to
produce controverting evidence to raise a fact issue with respect to the element the defendant seeks
to negate. City of Houston v. Clear Creek Basin Auth., 589 S.W.2d 671, 678 (Tex. 1979).
      The affidavit of an interested expert who is also a party to the case can support a summary
judgment. Anderson v. Snider, 808 S.W.2d 54, 55 (Tex. 1991).
      Dr. Saxton's affidavit negated an essential element of Appellant's cause of action, i.e.,
proximate cause. Appellant has not controverted Dr. Saxton's affidavit that there was no negligent
act or omission on his part which caused or contributed to cause any injury to Appellant. Because
Appellant did not controvert Dr. Saxton's affidavit dealing with proximate cause with expert
medical testimony, the trial court properly granted the summary judgment. Duff v. Yalin, 751
S.W.2d 175 (Tex. 1988); Hart v. Van Zandt, 399 S.W.2d 791 (Tex. 1965).
      The summary judgment evidence of Appellee was capable of being readily controverted. 
Appellant failed to file a controverting affidavit from a medical expert. Tilota v. Goodall, 752
S.W.2d 160, 163 (Tex. App.—Houston [1st Dist.] 1988, writ denied).
      Point two is overruled. The judgment of the trial court is affirmed.
 
                                                                               FRANK G. McDONALD
                                                                               Chief Justice (Retired)

Before Justice Cummings,
      Justice Vance, and
      Chief Justice McDonald (Retired)
Affirmed
Opinion delivered and filed May 1, 1996
Do not publish